IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-cr-30089 |
| | ) | |
| JAMES C. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter comes before the Court on Defendant James C. Williams' pro se "Motion for Leave 3582(c) Pursuant to Fed. R. Civ. Pro. Rule 15(a)" (d/e 24) ("Motion"). In the Motion, Defendant seeks a reduction in sentence under 18 U.S.C. § 3582(c), based on Amendment 742 to the United States Sentencing Guidelines. For the reasons set forth below, Defendant's Motion (d/e 24) is DISMISSED for lack of subject-matter jurisdiction.

BACKGROUND

On September 10, 2008, Defendant was charged by indictment

with the offenses of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1); carrying and using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count 2); and knowingly possessing a firearm, having previously been convicted of three or more violent felony offenses punishable for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 3). On October 22, 2008, Defendant pled guilty to all counts pursuant to a written plea agreement (d/e 12), and the Court accepted that plea on November 19, 2008. See Minute Entry of Nov. 19, 2008.

At sentencing, the Court adopted the factual findings of the Presentence Investigation Report (PSR). See Minute Entry of Feb. 26, 2009. Defendant was assessed a total of 13 criminal history points, including one "recency" point assessed because Defendant had committed the offense less than two years after release from imprisonment for a separate offense in Sangamon County, Illinois. See U.S.S.G. § 4A1.1(e) (2008). The Government made a motion for a downward departure, which the Court allowed. Id. The Court then

sentenced Defendant to a term of 245 months' imprisonment, consisting of 161 months on each of Counts 1 and 3, to run concurrently with each other, and 84 months on Count 2, to run consecutive to Counts 1 and 3, to be followed by 5 years' supervised release on each of Counts 1, 2, and 3, all to run concurrently.  Id.

## ANALYSIS

In November 2011, Defendant filed the present Motion, in which Defendant requests that the Court "allow him to amend his 3582(c) which is pending in this District Court on the basis of Amendment 742 and[] the policy statement at issue[,] U.S.S.G. 1B1.10(b)(2)(B)." Defendant asserts that Amendment 742 to the Sentencing Guidelines should apply to reduce his criminal history category.  In light of Amendment 742, Defendant asks the Court to hold a re-sentencing hearing and reduce his sentence under 18 U.S.C. § 3582(b), 28 U.S.C. § 994(o), and § 3553(a)(5).

"District courts have limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir.

2003). Section 3582(c)(2) of the United States Code allows a court to reduce a previously imposed sentence where (1) the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject-matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

Here, Defendant is not eligible for the sentence reduction he seeks. At the time that Defendant was sentenced, Section 4A1.1(e) of the Sentencing Guidelines provided that either one or two criminal history points were to be added if the defendant committed the instant offense less than two years following release from confinement on a sentence counted under U.S.S.G. § 4A1.1(a) or (b). See U.S.S.G. § 4A1.1(e) (2008). Additional points assessed under Section 4A1.1(e) were often referred to as "recency" points. Amendment 742 to the Sentencing

Guidelines, as stated in the 2010 Sentencing Guidelines Manual, eliminated the use of "recency points" in calculating a defendant's criminal history score under Section 4A1.1(e) of the Sentencing Guidelines.

However, Amendment 742 became effective on November 1, 2010, more than one year after Defendant was sentenced, and Amendment 742 is not listed as a retroactive amendment in Section 1B1.10(c) of the Sentencing Guidelines. <u>See</u> 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10; <u>see</u> <u>also</u> <u>United States v. Beserra</u>, 466 Fed. Appx. 548, 550 (7th Cir. 2012) (noting that Amendment 742 is not retroactive). Because Amendment 742 was not made retroactive, this Court lacks subject-matter jurisdiction to reduce Defendant's sentence based upon that Amendment. <u>See</u> <u>United States v. Adams</u>, 640 F.3d 41, 42 (1st Cir. 2011); <u>In re Anderson</u>, 409 Fed. Appx. 593, 595 (3d Cir. 2011) (stating that Amendment 742 is not one of the amendments enumerated as applying retroactively in § 1B1.10(c) and, therefore, the defendant had not shown that he had a right to a sentence reduction under 18 U.S.C. §

3582(c)(2) and U.S.S.G. § 1B1.10(a)(1) and (2)); United States v. Harris, 2011 WL 3715129, at *1 (C.D. Ill. Aug. 24, 2011) (finding that the defendant was not entitled to a sentence reduction pursuant to Amendment 742 because Amendment 742 took effect more than a year after the defendant was sentenced and was not made retroactive); Tolen v. United States, 2011 WL 37845, at *6 (N.D. Ill. Jan. 5, 2011) (stating that Amendment 742 was not made retroactive).

## CONCLUSION

For the reasons stated, Defendant's Motion [24] is DISMISSED for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

ENTERED: July 13, 2011

FOR THE COURT:

                                 s/ Sue E. Myerscough
                                 SUE E. MYERSCOUGH
                                 UNITED STATES DISTRICT JUDGE