IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08-CR-30089 |
| JAMES C. WILLIAMS, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant James C. Williams' Motion for Compassionate Release (d/e 60), in which Defendant requests a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). Considering the sentencing factors in 18 U.S.C. § 3553(a) and §1B1.13 in the sentencing guidelines, Defendant has not shown that such a reduction is warranted. Therefore, Defendant's Motion is DENIED.

**BACKGROUND**

On October 22, 2008, Defendant James C. Williams, pleaded guilty to: (1) armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); (2) carrying and using a firearm during a crime of violence in

1

violation of 18 U.S.C. §§ 924(c)(1); and (3) being a felon in possession of a firearm in violation of 18 U.S. C. §§ 922(g)(1) and 924(e). Specifically, Mr. Williams admitted pointing a loaded firearm at three bank tellers while ordering them to fill a bag with money. (d/e 12, p. 11).

Defendant was then sentenced on February 26, 2009, to a term of 161 months imprisonment on Counts One and Three to run concurrently with each other, and 84 months on Count Two, to run consecutive to Counts One and Three.  This total of 245 months was below the mandatory minimum sentence. (d/e 16, 18).

Defendant filed a pro se Motion for Compassionate Release on December 11, 2023. (d/e 60). Defendant seeks compassionate release due to his age, medical condition, length of time served, harsh prison conditions, rough upbringing, as well as rehabilitation and programming he has participated in. On December 22, 2023, the Government filed a Response (d/e 63) in opposition to Defendant's motion.

## LEGAL STANDARD

The Court is generally statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. §

3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), allows an inmate to file a motion for compassionate release with the Court after exhausting certain administrative remedies. The statute provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). "Only after finding an extraordinary and compelling reason for release need the [Court], as part of 'exercising

3

the discretion conferred by the compassionate release statute, . . . consider any applicable sentencing factors in § 3553(a).'" United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (quoting United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021)).

## ANALYSIS

As an initial matter, the parties do not dispute whether Defendant properly exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). However, a review of Plaintiff's Motion for Compassionate Release indicates Plaintiff requested compassionate release at the facility level relating to his rough upbringing and time served, but seemingly does not mention of his age, changes in the law, rehabilitative efforts, harsh prison conditions or programming.

Given the Government's concession that the Defendant exhausted his administrative remedies, the Court will discuss the merits of Defendant's motion; specifically, whether Defendant has presented extraordinary and compelling reasons warranting compassionate release or a reduction in sentence.

### A. Age and Medical Condition

Defendant is currently 59 years old. He has an enlarged prostate and states that he is declining both physically and mentally.

Specifically, Defendant states his health is declining as he must write down various information in order to remember items but has no diagnosis regarding these concerns with his memory. (d/e 60).

Pursuant to Section 1B1.13(b)(2) of the Sentencing Guidelines, an individual's age can only be an extraordinary and compelling reason if an individual is age 65 or older. U.S.S.G §1B1.13(b)(2). Additionally, the utilization of a defendant's age may be taken into account, only when two other conditions are also present: namely, a serious deterioration in physical or mental health because of the aging process and serving at least 10 years or 75 percent of his term of imprisonment, whichever is less. *Id.*

Defendant has indeed served over 75 percent of his sentence of 245 months. However, Mr. Vaugh is neither 65, nor has he shown that the medical afflictions he discusses are in any way extraordinary or compelling. Rather these are general conditions that impact many men his age, relating to an enlarged prostate. Based on the Defendant's medical records, none of these conditions have caused severe illness or cause serious impairment requiring specialized care. Further, forgetfulness although annoying, is similarly not

extraordinary or compelling for a reduction of the years remaining on his sentence.

**B. Length of Sentence and Changes in the Law**

On February 23, 2009, Defendant was sentenced to 245 months imprisonment. (February 23, 2009 Minute Entry). Defendant was sentenced for 161 months on each of Counts 1 and 3 to run concurrently with each other and 84 months on Count 2 to run consecutive to counts 1 and 3. *Id.* Defendant seemingly argues that his sentence is "unusually long" and therefore seeks relief in the form of compassionate release. The Court has somewhat recently disposed on this type of argument as to this Defendant regarding motions to reduce or amend his sentence and the rationale is appropriate here.

On November 7 and November 16, 2023, Defendant filed two Motions for Reduce Sentence pursuant to Amendment 821 to the United States Sentencing Guidelines. (d/e 52, 55). In ruling on Defendant's motions, the Court reviewed the applicable sections of the Sentencing Guidelines and determined that Defendant's criminal history category and guideline range for sentencing purposes would remain unchanged. (November 16, 2023 Text Order). Specifically, Defendant's criminal history category remains a VI because he used

or possessed a firearm in connection with a crime of violence pursuant to USSG § 4B1.4(c)(2). Further, Defendant's offense level remains a 31 as he is an Armed Career Criminal pursuant to USSG § 4B1.4(b)(3)(A).

Therefore, as Defendant's guideline sentence range remains the same both today as it was when originally sentenced, there has been no change in the law that entitles Defendant to release, or a reduction in sentence. Of additional note, Defendant received a departure in his sentencing below the identical guidelines range that apply both now and when he was originally sentenced.

**C. Rehabilitation**

Pursuant to 28 U.S.C. §994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for compassionate release. U.S.S.G. §1B1.13(d). Instead, rehabilitation may be considered in combination with other circumstances in determining whether a reduction is warranted. *Id.*

Although Defendant argues that he has been rehabilitated, he does not provide much in the way of evidence to reflect this change. Of note, Defendant's conviction was for one of violence in which he robbed a bank while armed. Clearly, Defendant cannot show that he

has chosen to forego stealing from a financial institution while incarcerated. However, a review of Plaintiff's disciplinary records while in the Bureau of Prisons does indicate instances of stealing from food service and possession of drugs or alcohol. (d/e 63, Ex. E).

These infractions occurred throughout his prison stay but do not show an inclination toward violence and show that some form of change has occurred in Defendant's life. However, as stated *supra*, the Defendant's rehabilitation is not a dispositive fact in a compassionate release motion but may be taken into account in conjunction with other factors.

### D. Harsh Prison Conditions

Generally, a compassionate-release motion is not the right vehicle to challenge the conditions generally at a Federal Correctional Institution ("FCI"). *See United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021). Additionally, there is no specific statutory section dedicated to prison conditions in the Sentencing Guidelines, nor does the Defendant cite one. Defendant further does not provide any detail as to why his specific placement is harsh, let alone why said harsh conditions rise to the level of extraordinary, especially as applied to him.

**E. Rough Upbringing**

Although the Defendant notes a rough upbringing where he experienced mental, physical and emotional abuse, this does not entitle him to compassionate release as it is not one of the recognized categories in the Sentencing Guidelines. As discussed in the filing by the Government, Defendant has provided conflicting information about abuse in his childhood, noting in his October 2023 inmate request that he suffered abuse but not discussing the same information before he was previously sentenced. (d/e 62-2, p. 3).

However, abuse that is recognized in making a compassionate release determination is not that from childhood, but any that occurred while in the custody of the Bureau of Prisons. §1B1.13(b)(4). Further, even that conduct must be established or substantiated in some way and is not solely based on a self-report. Instead, it must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, a finding in an administrative proceeding or imminent danger which is likely to be supported by some facts or materials.

**F. Programming**

9

Defendant's Motion, the Government's response, and the exhibits attached thereto each clearly show that Defendant has taken the opportunity to participate in programming during his time in the Bureau of Prisons ("BOP"). This programming reflects approximately 45 classes taken by the Defendant during his approximately 15 years in BOP, or 3 classes a year.

### G. Section 3553(a) Factors

Lastly, Defendant argues that a review of Sections 3553(a) factors weighs in favor of an immediate reduction in Defendants sentence as a reduction "would not undermine the goals of Defendant's original sentence." (d/e 60, p. 10). This Court disagrees. Defendant is incarcerated for an armed robbery where he pointed a loaded revolver at various people in a crowded bank. (d/e 18). Specifically, he pointed the gun at one teller while handing her a bag and instructed her to fill it with money. Defendant then pointed this loaded firearm at two other tellers while telling them to empty their cash drawers before fleeing from the bank on a bicycle. *Id.*

Prior to the armed robbery he is currently incarcerated for, Defendant was convicted of residential burglary on three separate occasions, one armed robbery, and an aggravated robbery. To reduce

Defendant's sentence would indeed create a disparity for those like Defendant, with five prior violent felonies that require a mandatory minimum sentence. Further, in this instant case, Defendant pled guilty to an offense that he committed in the past and, although previously incarcerated, that served as no deterrent to him in 2008.

After a review of all the factors set forth in Defendant's Motion for Compassionate release, the Court finds that Defendant has not demonstrated compelling or extraordinary reasons for release. Although Defendant has expressed an effort to change and states he is rehabilitated, that is simply not enough. The factors specifically in the Sentencing Guidelines do not weigh in Defendant's favor as he cannot show he meets the statutory required elements for a compelling medical reason or change in the law that would entitle him to a release or reduction.  Instead, Defendant's strongest arguments are not dispositive, but rather "other reasons" that may be considered but still cannot be called extraordinary or compelling.

The Court therefore finds that a reduced sentence in this case would not sufficiently "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a).  The Court also finds that a reduced sentence would not "promote respect for the law," "provide

just punishment for the offense," or provide adequate deterrence to criminal conduct like Defendant's.  See id.

## CONCLUSION

For the reasons set forth above, Defendant James Williams' Motion for Compassionate Release (d/e 60) is DENIED.

**IT IS SO ORDERED.**
**ENTERED:  February 12, 2024**
**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**

12