# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CR-30089 |
| ) | |
| JAMES C. WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant James C. Williams' Motion for Compassionate Release (d/e 71), in which Defendant requests a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). Considering the sentencing factors in 18 U.S.C. § 3553(a) and §1B1.13 in the sentencing guidelines, Defendant has not shown that such a reduction is warranted. Therefore, Defendant's Motion (d/e 71) is DENIED.

## BACKGROUND

On October 22, 2008, Defendant James C. Williams, pleaded guilty to: (1) armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); (2) carrying and using a firearm during a crime of violence in

violation of 18 U.S.C. §§ 924(c)(1); and (3) being a felon in possession of a firearm in violation of 18 U.S. C. §§ 922(g)(1) and 924(e). Specifically, Mr. Williams admitted pointing a loaded firearm at three bank tellers while ordering them to fill a bag with money. (d/e 12, p. 11).

Defendant was then sentenced on February 26, 2009, to a term of 161 months imprisonment on Counts One and Three to run concurrently with each other, and 84 months on Count Two, to run consecutive to Counts One and Three. This total of 245 months was below the mandatory minimum sentence. (d/e 16, 18).

On December 11, 2023, Defendant filed his first pro se Motion for Compassionate Release. (d/e 60). Defendant sought compassionate release due to his age, medical condition, length of time served, harsh prison conditions, rough upbringing, as well as rehabilitation and programming he has participated in. On February 13, 2024, the Court denied Defendant's motion finding that Defendant did not show that a reduction in sentence is warranted.

On April 21, 2025, Defendant filed his second pro se Motion for Compassionate Release. (d/e 71). In this motion, Defendant seeks a reduction in his sentence given he has served "almost all of" his term

of incarceration and completed programs. (d/e 71, p. 6.). Defendant requests this court grant his motion and place him on home confinement for the remainder of his sentence. *Id.* On May 8, 2025, the Government filed its Response in opposition, noting that Mr. Williams' circumstances remain the same as his first Motion for Compassionate release. This Court agrees.

## LEGAL STANDARD

The Court is generally statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), allows an inmate to file a motion for compassionate release with the Court after exhausting certain administrative remedies. The statute provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by

> the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). "Only after finding an extraordinary and compelling reason for release need the [Court], as part of 'exercising the discretion conferred by the compassionate release statute, . . . consider any applicable sentencing factors in § 3553(a).'" United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (quoting United States v. Thacker, 4 F.4th 569, 576 (7th Cir. 2021)).

## ANALYSIS

As an initial matter, the parties do not dispute whether Defendant properly exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). Specifically, Defendant submitted a request for compassionate release to the warden of the facility where he is

housed on January 30, 2025. (d/e 71, p. 3). According to the Defendant, this Request went unanswered.

Nonetheless, a defendant may bring a motion for compassionate release after "fully exhausting all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, which is earlier." 18 U.S.C. § 3582(c)(1)(A). Defendant made his request on January 30, 2025, and did not file his motion until April 21, 2025, well after the 30-day window.

Given the Government's concession that the Defendant exhausted his administrative remedies, the Court will discuss the merits of Defendant's motion, specifically, whether Defendant has presented extraordinary and compelling reasons warranting compassionate release or a reduction in sentence.

**A. Defendant's sentence of imprisonment is not unusually long as there has been no change in the law which would lower Defendant's criminal history category or guideline range.**

On February 23, 2009, Defendant was sentenced to 245 months imprisonment. (February 23, 2009 Minute Entry). Defendant was

sentenced for 161 months on each of Counts 1 and 3 to run concurrently with each other and 84 months on Count 2 to run consecutive to counts 1 and 3. *Id.* Defendant seemingly argues that his sentence is "unusually long" and therefore seeks relief in the form of compassionate release. (d/e 71, p. 5-6).

The Court has previously ruled on Defendant's argument that his sentence was unusually long in evaluating Defendant's motions to reduce or amend his sentence, as well as his first Motion for Compassionate Release.

On November 7 and November 16, 2023, Defendant filed two Motions to Reduce Sentence pursuant to Amendment 821 to the United States Sentencing Guidelines. (d/e 52, 55). In ruling on Defendant's motions, the Court reviewed the applicable sections of the Sentencing Guidelines and determined that Defendant's criminal history category and guideline range for sentencing purposes would remain unchanged. (November 16, 2023 Text Order). Specifically, Defendant's criminal history category remains a VI because he used or possessed a firearm in connection with a crime of violence pursuant to USSG § 4B1.4(c)(2). Further, Defendant's offense level

remains a 31 as he is an Armed Career Criminal pursuant to USSG § 4B1.4(b)(3)(A).

After the Court ruled on the Motions to Reduce, Defendant filed his first Motion for Compassionate Release arguing among other factors that he received an unusually long sentence. This Court similarly disposed of this argument, finding Defendant's guideline sentencing range remains the same today as it was when originally sentenced, there has been no change in the law that entitles Defendant to release or a reduction in sentence. (d/e 64).

As has been the case in each of Defendant's requests to lower or amend his sentence, the same mandatory minimum provisions apply now as when Defendant was originally sentenced, and his guideline range is still the same. This is not indicative of an unusually long sentence being imposed, but rather speaks to the consistency of the Court's sentence. Therefore, Defendant's Motion for Compassionate Release is DENIED.

**B. The Section 3553(a) factors do not weigh in favor of an immediate reduction in Defendant's sentence.**

Defendant asks this Court to reduce his sentence and release him to home confinement. This is Defendant's second Motion for

Compassionate Release and Defendant's situation, both in custody, and in the relevant calculations, has not changed from this Court's first consideration. A review of the Section 3553(a) factors does not weigh in favor of an immediate reduction of Defendants' sentence.

Defendant is incarcerated for an armed robbery where he pointed a loaded revolver at various people in a crowded bank. (d/e 18). Specifically, he pointed the gun at one teller while handing her a bag and instructed her to fill it with money. Defendant then pointed this loaded firearm at two other tellers while telling them to empty their cash drawers before fleeing from the bank on a bicycle. *Id.*

Prior to the armed robbery that Defendant is currently incarcerated for, Defendant was convicted of residential burglary on three separate occasions, one armed robbery, and an aggravated robbery. To reduce Defendant's sentence would indeed create a disparity for those like Defendant, with five prior violent felonies that require a mandatory minimum sentence. Further, in this instant case, Defendant pled guilty in this matter to an armed robbery with a firearm after committing other robberies in the past. These prior convictions for similar crimes clearly served as no deterrent to Defendant.

After a review of all the arguments set forth in Defendant's Motion for Compassionate Release, the Court finds that Defendant has not demonstrated compelling or extraordinary reasons for release. The factors in the Sentencing Guidelines do not weigh in Defendant's favor, as he cannot show a change in the law that would entitle him to a release or reduction.

The Court, therefore, finds that a reduced sentence in this case would not sufficiently "protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a).  The Court also finds that a reduced sentence would not "promote respect for the law," "provide just punishment for the offense," or provide adequate deterrence to criminal conduct like Defendant's.

## CONCLUSION

For the reasons set forth above, Defendant James Williams' Motion for Compassionate Release (d/e 71) is DENIED.

**IT IS SO ORDERED.**
**ENTERED:   May 13, 2025**
**FOR THE COURT:**

>            */s/ Sue E. Myerscough*
>         **SUE E. MYERSCOUGH**
>         **UNITED STATES DISTRICT JUDGE**